Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7496 | **DATE** | 12/21/2010 |
| **CASE TITLE** | Randy A. White (M07759) vs. North Chicago Police Department | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $13.02 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Sheridan Correctional Center. The clerk is directed to issue summons for service on Defendant Officer Schwartz by the U.S. Marshal. Defendant North Chicago Police Department is dismissed from this action pursuant to 28 U.S.C. § 1915A. Plaintiff has only alleged a claim as Defendant Officer Schwartz at this time. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     Pro se plaintiff Randy A. White, presently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants the North Chicago, Illinois Police Department and Officer Schwartz. Pending before the Court are plaintiff's motion for leave to proceed *in forma* pauperis (Dkt. No. 3), motion for appointment of counsel (Dkt. No. 4), and complaint for an initial review pursuant to 28 U.S.C. § 1915A.

     The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $13.02. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The following facts drawn from plaintiff's complaint are accepted as true and all reasonable inferences are made in the light most favorable to him. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541,

| STATEMENT |
|---|

546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

Plaintiff alleges that his left index finger was injured during an altercation that resulted in his arrest. (Dkt. No. 1 at 4). He informed defendant Officer Schwartz of the situation, but Officer Schwartz allegedly refused to provide plaintiff any medical assistance. Plaintiff also details a lack of medical care at the Lake County Correctional Facility, but he fails to name any defendants regarding this lack of care. He only proceeds against the North Chicago Police Department and Officer Schwartz.

Plaintiff alleges a plausible claim against Officer Schwartz. An alleged failure to respond to an arrestee's medical needs is evaluated under the Fourth Amendment reasonableness standard when the arrestee has not yet been brought before a judicial official for a probable cause determination. *See Sallenger v. City of Springfield, Ill.*, __ F.3d __, 2010 WL 5128850, at *4 (7th Cir. Dec. 17, 2010) (citing *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007); *Sides v. City of Champaign*, 496 F.3d 820, 828 (7th Cir. 2007); *Lopez v. City of Chicago*, 464 F.3d 711, 718-19 (7th Cir. 2006)). Plaintiff plausibly alleges that Officer Schwartz unreasonably denied him medical care.

However, plaintiff's claim against the North Chicago Police Department must be dismissed. His claim against the police department is, in actuality, a claim against the municipality of North Chicago because it is the real party in interest for a claim brought against its police department. *See Lewis v. City of Chicago*, 496 F.3d 645, 645 n.1 (7th Cir. 2007). "A municipality may be held liable for a constitutional deprivation under *Monell v. New York City Dep't Soc. Servs*." *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). "Misbehaving employees are responsible for their own conduct, 'units of government are responsible only for their policies rather than misconduct by their workers.'" *Lewis*, 496 F.3d at 656 (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007). "To establish municipal liability under § 1983 . . . a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters*, 580 F.3d at 580 (citing *Monell*, 436 U.S. at 694). "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff fails to allege a plausible *Monell* claim against North Chicago. Plaintiff limits his allegations to the alleged mistreatment by Defendant Officer Schwartz. In addition, he fails to name any defendants regarding his alleged mistreatment after the incident with Officer Schwartz. These additional allegations are also limited to plaintiff's particular experience and fail to plausibly allege any type of official policy or custom.

The clerk shall issue summons for Defendant Officer Schwartz and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. With respect to any former employee who no longer can be found at the work address provided by the plaintiff, the North Chicago, Illinois Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service

| STATEMENT |
|---|

to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a Judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any Court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (quoting *Pruitt*, 503 F.3d at 655).

Plaintiff alleges that he has attempted to obtain counsel on his own. However, the Court concludes that the complexity of the case does not require appointment of counsel at this time. Plaintiff provides a complaint that plausibly states a claim against Officer Schwartz. The next step in the litigation will be service of the defendant. Plaintiff simply needs to complete the USM-285 form, which will be mailed to him by the Marshal Service.

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $13.02 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Sheridan Correctional Center. The clerk is directed to issue summons for service on Defendant Officer Schwartz by the U.S. Marshal. Defendant North Chicago Police Department is dismissed from this action pursuant to 28 U.S.C. § 1915A. Plaintiff has only alleged a claim as Defendant Officer Schwartz at this time. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied.